[No. 20793.  Department One. — March 2, 1891.]

## EX PARTE CHARLES IRWIN, ON HABEAS CORPUS.

CRIMINAL LAW — ESCAPE FROM PRISON — DURATION OF SENTENCE — HABEAS
  CORPUS. — Where a prisoner who has been sentenced to two consecutive
  terms of imprisonment in the state's prison for distinct felonies has escaped
  during the first term of imprisonment, and is sentenced to imprisonment
  for the escape for another term, "to commence from the time he would
  otherwise have been discharged from said prison," the latter term does
  not commence to run until both the terms for which the prisoner was
  before sentenced have fully expired.

PETITION to the Supreme Court for a discharge upon writ of *habeas corpus.* The facts are stated in the opinion of the court.

*Carroll Cook,* and *J. E. Foulds,* for Petitioner.

PATERSON, J. — The petitioner was convicted in the superior court of Sonoma County of the crime of grand larceny, and on the same day, and before sentence was pronounced in the first case, was convicted of the crime of burglary. He was sentenced by the court to serve a term of nine years in the state prison in the grand larceny case, and in the burglary case the court imposed the sentence of five years in the state prison, said term to commence at the expiration of the term of nine years, imposed in the grand larceny case. His first term of imprisonment commenced on the twenty-first day of October, 1879, and he remained in the state prison until August 21, 1880, when he escaped therefrom. He was captured and again confined under the first judgment on the ninth day of November, 1880. Thereafter an information was filed against him in the superior court of Marin County for the crime of escaping from prison, and he was tried, convicted, and sentenced to serve a term of nine years, "said term of imprisonment to commence from the time he would otherwise have been discharged from said prison."

Allowing the credits provided for by statute, the petitioner's first term expired not later than December 9, 1884, and if the term of imprisonment for escaping from the prison commenced to run at the expiration of the term which he was serving when he escaped, all of the terms of imprisonment imposed by the three judgments — allowing the credits provided for by statute, all of which it is admitted he has earned — have expired, and the petitioner is entitled to his discharge.

Section 105 of the Penal Code provides that "every prisoner confined in the state prison for a term less than for life, who escapes therefrom, is punishable by imprisonment in the state prison for a term equal in length to the term he was serving at the time of such escape; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison." The last clause of this section was added by amendment of the section in April, 1880, and plainly states that the term of imprisonment for an escape from the prison shall commence to run from the time that the prisoner would have been discharged from the prison if he had not escaped therefrom. The petitioner's term of imprisonment for the escape did not commence to run until he had served the fourteen years imposed by the two judgments of the superior court, less credits allowed, because, except for his escape, he would not have been discharged from the prison until he had served out the full term imposed by the two judgments. The language of the section is unambiguous, and its meaning is clear.

Petition denied.

Harrison, J., and Garoutte, J., concurred.