520 P.2d 840

Robert MILEHAM, ASP #25754, Ramon Orozco, ASP #31543; Franklin Street, ASP #30219; Miguel Salcido, ASP #29517; Michael Hollowell, ASP #30325; Edwin Kendall, ASP #29128; Samuel Rosthenhausler, ASP #29781; Bruce Trittle, ASP #30266; Boyd Dickerson, ASP #29614; Harry Hernandez, ASP #29356; Michael Willoughby, ASP #30642; George Fitzpatrick, ASP #30845; Mitchell Leeds, ASP #30342; Fred Corella, Jr., ASP #30335; Orville Vinson, ASP #26151; Ramon P. Flores, Jr., ASP #28873; David Kenney, ASP #30420; Ernest Frank Bennett, ASP #30557; James Edward Thornton, ASP #27818; and Nelson Thompson, ASP #30033, Petitioners,

v.

ARIZONA BOARD OF PARDONS AND PAROLES, and Walter S. Michael, Chairman, Respondents.

No. 11402.

Supreme Court of Arizona, In Banc.

April 2, 1974.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for respondents.

Treon, Warnicke & Dann, P.A., by B. Michael Dann, Phoenix, for petitioners.

STRUCKMEYER, Justice.

This Special Action in mandamus was brought to require the Arizona State Board of Pardons and Paroles to entertain, hear and decide applications for paroles by petitioners. We accepted jurisdiction pursuant to Art. 6, § 5, Constitution of Arizona, A.R.S.

Petitioners allege that they are inmates of the Arizona State Penitentiary at Florence, Arizona, who, while serving sentences on other crimes, were convicted for escape or attempt to escape from prison in violation of A.R.S. § 13–392; that all are eligible for consideration for parole on the convictions for which they were serving sentences at the time of their escapes or attempts under the provisions of that part of A.R.S. § 31–411 A providing:

"* * * Every other prisoner who has served one-third of the minimum sentence, computed without any time deductions credited, if he has served more than one calendar year, shall be given an opportunity to appear before the board and apply for release upon parole. * * *";

that under the foregoing statute the respondent Board of Pardons and Paroles is required to grant petitioners an opportunity to appear before it and apply for release upon parole in order to commence service of their sentences of imprisonment for escape. Petitioners call this procedure a "parole to the escape sentence"; and they allege that the Parole Board has failed and refused to allow them to apply for release upon parole upon their prior sentences by refusing to permit them to file applications for parole, and that this failure is arbitrary and capricious and an abuse of discretion.

The respondents urge that a sentence for escape runs consecutive to an original sentence and therefore can commence only when the first sentence has been completely served. We agree with respondents.

By statute, in Arizona, A.R.S. § 13–392, as amended, it is provided:

"A prisoner confined in the state prison who escapes or attempts to escape from the prison, is guilty of a felony, punishable by imprisonment in the state prison for a term of not less than one year nor more than five years, and his

term of imprisonment for such felony shall commence at the time when he would otherwise have been discharged from the prison. As amended Laws 1967, Ch. 63, § 1."

■ Undoubtedly, the Legislature intended to increase the punishment of those who attempted to or escaped from the State Prison and, therefore, the punishment for a violation of the escape statute is a sentence consecutive to the sentence or sentences which the escapee was serving at the time of his attempt to or escape. The service of a sentence made consecutive to another does not begin until the other has been satisfied. State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968), overruled on other grounds, State v. Burchett, 107 Ariz. 185, 484 P.2d 181 (1971). When consecutive sentences are imposed, the subsequent sentence commences at the expiration of the prior sentence or sentences. State v. Burchett, *supra*.

■ A.R.S. § 31–412, as amended, sets forth the principles for testing whether a prisoner may be released on parole:

"If it appears to the board of pardons and paroles, from a report by the department of corrections, or upon the application by the prisoner for a release on parole, that there is reasonable probability that the applicant will live and remain at liberty without violating the law, then the board may authorize the release of the applicant upon parole. The applicant shall thereupon be allowed to go upon parole in the legal custody and under control of the department of corrections, until expiration of the maximum term specified in his sentence or until his absolute discharge." § 31–412 as amended by Laws of 1968.

The most casual perusal of § 31–412 reveals that a prisoner on parole is placed in the custody of the Department of Corrections to determine whether he can live and remain at liberty without violating the law. It is for these purposes only that the Board is authorized to release upon parole.

The statute does not by any reasonable inference contemplate a "parole to the escape sentence"—that is, for the parolee to remain in prison in order to serve another sentence.

■ The so-called minimum sentence spoken of in § 31–411 A, *supra,* is not a period at which some portion of the debt which the law assumes the prisoner owes to the State is cancelled. Rather, it is the period at which he may request to be allowed to serve the balance of his sentence outside the walls of the penitentiary.

"Under the Indeterminate Sentence Law, the only time at which the prisoner could ever claim his debt to the state is satisfied as of right is the expiration of the maximum period fixed by his sentence, less such good conduct time as may be given by the statute. The so-called 'minimum sentence' is, as has been since its inception, merely a period at which, and not before, as a matter of grace and not of right, the prisoner may be allowed to serve the balance of his sentence outside the walls of the penitentiary under such circumstances and conditions as the authorities may provide, or be discharged, but that the only *right* which such minimum period gives him is the right to *request* from the proper authorities such mitigation of his sentence." Orme v. Rogers, 32 Ariz. 502, 260 P. 199 (1927)

■ A parole is a provisional release from confinement. It is in legal effect imprisonment. Commonwealth ex rel. Lerner v. Smith, 151 Pa.Super. 265, 30 A.2d 347 (1943). It ameliorates punishment by permitting a convict to serve his sentence outside of prison walls, but parole does not interrupt the sentence. People ex rel. Rainone v. Murphy, 1 N.Y.2d 367, 153 N.Y.S. 2d 21, 135 N.E.2d 567 (1956). It is the procedure by which a prisoner is allowed to serve the final portion of his sentence outside the gates of an institution in order to prepare him for eventual return to society. Application of Clover, 34 N.J.Super. 181, 111 A.2d 910 (1955). It is a conditional release from imprisonment which

entitles the parolee to serve the remainder of his term outside the confines of an institution, if he satisfactorily complies with all the terms and conditions provided in the parole order. State ex rel. Murray v. Swenson, 196 Md. 222, 76 A.2d 150 (1950).

We conclude that the Legislature, by providing in the escape statute, § 13–392, *supra*, that a prisoner's term of imprisonment for escape commence at the time he would otherwise have been discharged from the prison, foreclosed any possibility that the prisoner may be released on parole. Parole is not a discharge of a sentence. It is a service of the balance of the sentence outside the prison. Since petitioners' sentences for escape cannot commence until they have been discharged from their original sentences, respondents are not required to give them an opportunity to appear to apply for parole until they are discharged on their original sentences and have served the minimum on the escape sentences.

We are reinforced in our conclusion by the decision in Ex parte Irwin, 88 Cal. 169, 25 P. 1118 (1891), There, the Supreme Court of California, in construing § 105 of the California Penal Code, held that where a prisoner escapes before his sentence expires and was sentenced under California's § 105, his term of imprisonment under the last sentence does not commence until the expiration of the sentence imposed by the prior conviction. The source of Arizona's statute on escape is § 105 of the California Penal Code of 1901, enacted February 14, 1872. *See* § 101 of the Penal Code of Arizona, 1913.

The well established rule is that a statute which is adopted from another state will be presumed to have been adopted with the construction previously placed upon it by the courts of that state, and their decisions construing the statute will be construed as being persuasive. Phoenix-Sunflower Industries, Inc. v. Hughes, 105 Ariz. 334, 464 P.2d 617 (1970); England v. Ally Ong Hing, 105 Ariz. 65, 459 P.2d 498 (1969); Hayward Lumber and Inv. Co. v.

Graham, 104 Ariz. 103, 449 P.2d 31 (1968); Industrial Commission v. Harbor Insurance Co., 104 Ariz. 73, 449 P.2d 1 (1968).

Prayer for relief denied.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.