Robert E. MILEHAM, suing on behalf of himself and all others similarly situated, Plaintiff-Appellee,

v.

Daniel D. SIMMONS, Chairman, Arizona Board of Pardons and Paroles, John J. Moran, Director, Arizona Department of Corrections, and Harold J. Cardwell, Superintendent, Arizona State Prison, Defendants-Appellants.

No. 78–1653.

United States Court of Appeals, Ninth Circuit.

Jan. 3, 1979.

B. Michael Dann, Phoenix, Ariz., on brief, for defendants-appellants.

Cleon M. Duke, Asst. Atty. Gen., Phoenix, Ariz., on brief, for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and EAST,* District Judge.

DUNIWAY, Circuit Judge:

Mileham's custodians and the chairman of Arizona's Board of Pardons and Paroles appeal from an order granting Mileham's petition for a writ of habeas corpus. We reverse.

On October 18, 1971, Mileham, an Arizona state prisoner, was convicted of escaping in violation of Ariz.R.S. § 13–392. At that time, he was serving a term of 25 to 40 years under a 1964 conviction for robbery with a prior conviction, Ariz.R.S. §§ 13–641, 13–643. His sentence on the escape charge, one to two years, was made consecutive to the robbery sentence.

When Mileham was convicted of escape, the Board of Pardons and Paroles, pursuant to a letter to the Board from an Assistant Attorney General, dated March 23, 1971, determined the time when a prisoner subject to consecutive sentences would become eligible for parole under Ariz.R.S. § 31–411A by adding the minimum sentences on the charges and dividing by three. On this basis, Mileham would have become eligible

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

after serving a total of eight years and eight months. Mileham says that he thus became eligible for parole consideration July 6, 1973, but that the Board refused to consider him for parole.

On October 24, 1973, the Attorney General of Arizona ruled that under Ariz.R.S. § 13–392 a sentence for escape does not begin to run until the prior sentence has been served in full. The statute provides that a prisoner's term of imprisonment for escape "shall commence at the time when he would otherwise have been discharged from the prison." This statute was in effect when Mileham was convicted of escape.

Mileham carried his case to the Arizona Supreme Court, which ruled against him. *Mileham v. Arizona Board of Pardons and Paroles*, 1973, 110 Ariz. 470, 520 P.2d 840. The court concluded that § 13–929 "foreclosed any possibility that the prisoner may be released on parole. Parole is not a discharge of a sentence. It is a service of the balance of the sentence outside the prison. Since petitioners' sentences for escape cannot commence until they have been discharged from their original sentences, respondents are not required to give them an opportunity to appear to apply for parole until they are discharged on their original sentences and have served the minimum on the escape sentences." 110 Ariz. at 473, 520 P.2d at 843. Under this ruling, Mileham will have to serve 40 years and four months before becoming eligible for parole.

The District Judge, relying on our decision in *Love v. Fitzharris*, 9 Cir., 1972, 460 F.2d 382, *vacated as moot*, 409 U.S. 1100, 93 S.Ct. 896, 34 L.Ed.2d 682, ordered the Board to grant Mileham a parole hearing. This was error. In *Love*, the California Department of Corrections had in effect, when Love received consecutive sentences, a rule similar to that stated in the Arizona Assistant Attorney General's letter of March 23, 1971. Shortly after, the Department, on advice of the California Attorney General, changed its rule, thereby lengthening the time Love had to serve before becoming eligible for parole. We held that the change, coming after Love was sentenced, amounted to an *ex post facto* increase in punishment, although imposed by "administrative fiat" rather than be "legislative action." Mileham's case is different. The Supreme Court of Arizona has now authoritatively construed the statute that was in effect when Mileham was convicted, thus holding that the Assistant Attorney General's interpretation was erroneous. The *ex post facto* clause of the Constitution does not give Mileham a vested right in such an erroneous interpretation. In *Love* we said:

> *Absent a court pronouncement on the matter*, the interpretation of the relationship between the statutes placed upon them by the administrative agency charged with their enforcement has the force and effect of law.

(Emphasis added) (p. 385)

In Mileham's case, we have "a court pronouncement on the matter" by Arizona's highest court.

More closely in point is *In re Costello*, 9 Cir., 1958, 262 F.2d 214, in which we held that the California rule that, if a parolee violates the terms of his parole, his sentence is redetermined at the maximum, even though previously fixed at a lesser term, does not present a federal question. *See also, Forman v. Wolff*, 9 Cir., 1978, 590 F.2d 283; *Rifai v. United States Parole Commission*, 9 Cir., 1978, 586 F.2d 695. In *Forman*, we found the Nevada Supreme Court's construction of the applicable statute not to be "unforeseeable." We here find the Arizona Court's construction of the applicable statute not to be "unforeseeable." *DePeralta v. Garrison*, 9 Cir., 1978, 575 F.2d 749, is not in point, for the reasons stated in *Rifai, supra*, 586 F.2d at 698.

The order appealed from is reversed.