607 P.2d 387

**GULF HOMES, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**DM FEDERAL CREDIT UNION, Garnishee/Appellee.**

**No. 2 CA–CIV 3271.**

Court of Appeals of Arizona, Division 2.

Dec. 26, 1979.

Rehearing Denied Feb. 6, 1980.

Review Denied Feb. 26, 1980.

Higgins & Sinema by Dan A. Sinema, Tucson, for plaintiff/appellant.

Larriva & Larriva by Phillip H. Larriva, Tucson, for garnishee/appellee.

## OPINION

HATHAWAY, Judge.

Appellant, plaintiff/garnishor, appealed from summary judgment entered against it in favor of appellee/garnishee. Judgment on appellant's debt against Goubeaux, which was the basis for appellant's garnishment, was reversed as to garnishor's claim of deficiency and award of attorney's fees while the instant appeal was pending. *Gulf Homes, Inc. v. Goubeaux, et ux.,* 124 Ariz. 142, 602 P.2d 810 (1979). The first question presented on this appeal, i. e., the relative priorities of the garnishment lien of appellant and the security interest of appellee/garnishee in Goubeaux' share account pledged to appellee, was therefore rendered moot. Counsel for the parties submitted the case to the court without oral argument on the remaining issue—Is garnishee entitled to recover attorney's fees incurred in answering the writ of garnishment, since garnishee is a litigant seeking the garnished property? We answer in the affirmative.

■ As to a garnishee's entitlement to attorney's fees and costs in answering and defending, A.R.S. Sec. 12–1591 provides:

"A. When the garnishee is discharged on his answer, the cost of the proceeding, including reasonable compensation to the garnishee, shall be taxed against plaintiff.

B. When the answer of the garnishee is not controverted and the garnishee is held thereon, the costs as provided in subsection A of this section shall be taxed against defendant.

C. Where the answer is controverted the costs shall abide the issue."

Appellee's answer was controverted by appellant. Subsection C provides that where the answer is controverted, the costs shall abide the issue. Arizona's garnishment statutes were adopted from Texas and it is presumed that the construction previously placed upon the statute by the courts of Texas is persuasive. *Mileham v. Arizona Board of Pardons and Paroles,* 110 Ariz. 470, 520 P.2d 840 (1974); *England v. Ally Ong Hing,* 105 Ariz. 65, 459 P.2d 498 (1969); *State ex rel. Swift v. Tullar,* 11 Ariz.App. 112, 462 P.2d 409 (1969). "Costs,"[1] read in the context of the statute, include reasonable compensation to the garnishee, as established in A.R.S. Sec. 12–1591 A. The "reasonable compensation" includes a reasonable attorney's fee incurred by garnishee. *May v. Donalson,* 141 S.W.2d 702 (Tex.Civ. App.1940).[2]

■ The provision that costs shall abide the issue appears to have been construed by the Texas courts to mean that they shall abide the failure or success of the party asserting rights to the garnished property. Cf., *Maury v. McDonald,* 55 Tex. Civ.App. 50, 118 S.W. 812 (1909); see *Kelly v. Gibbs,* 84 Tex. 143, 19 S.W. 380 (1892). We find this to be a sound rule since it places a just risk upon the plaintiff, that if he does not prevail, the successful garnishee will receive litigation expenses. The garnishee who insists upon maintaining an un-

---

1. We have considered *Sweis v. Chatwin,* 120 Ariz. 249, 585 P.2d 269 (App.1978), and find it inapplicable to the garnishment costs and attorney's fees question before us.

2. A.R.S. Sec. 12–1582, provides that where garnishee has answered, the action shall not be dismissed without affording garnishee an opportunity to be heard on the question of costs and attorney's fees.

meritorious position will risk the burden of paying its own attorney's fees plus an award against it for the plaintiff's costs. Thus, settlement is encouraged. In *Carter v. Leiter,* 476 S.W.2d 461 (Tex.Civ.App. 1972), garnishee's answer was contested, garnishee was successful and was awarded costs and reasonable compensation of attorney's fees. The Texas court ruled that the issue having been determined in garnishee's favor, in trial and on appeal, the award of costs, including attorney's fees, was proper. The court stated:

> "Had the decision been against appellee, no fee would be allowed and the costs would have been taxed against him." 476 S.W.2d at 463.

Appellee, having prevailed, was properly awarded its costs, including reasonable compensation for attorney's fees. *Moursund v. Priess,* 84 Tex. 554, 19 S.W. 775 (1892), does not assist appellant. There, ". . . garnishee not only assumed the burden of the contest, but pleaded in reconvention for damages." Thus, garnishee became an unsuccessful "litigant." The costs awaited the issue to the benefit of the successful plaintiff.

Judgment affirmed.

RICHMOND, C. J., and HOWARD, J., concur.