609 P.2d 70

The STATE of Arizona, Appellee,

v.

George QUATSLING, Appellant.

No. 2 CA–CR 1873–3.

Court of Appeals of Arizona, Division 2.

Jan. 8, 1980.

Rehearing Denied March 5, 1980.

Review Denied March 25, 1980.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Dennis C. Freeman, Asst. Attys. Gen., Phoenix, for appellee.

Robert A. Hershey, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant pled guilty to a charge of escape in the second degree. He was arrested in June 1979 in California and returned to Graham County to be tried for escape from the Safford Conservation Center. After entry of his plea, he was sentenced to the presumptive two years for a class five felony, which by statute runs consecutively. He raises four points in this appeal, none of which merits reversal.

His first argument is that the trial court did not adhere to the mandates of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in accepting his guilty plea. He claims that the consecutive nature of the escape sentence totally inhibited his parole eligibility on the original charge and that he should have been so advised, citing *Mileham v. Arizona Board of Pardons and Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974). *Mileham*, however, rested on A.R.S. Sec. 31–412. That section led our Supreme Court to say that the statute did not "by any reasonable inference contemplate a 'parole to the escape sentence'—that is, for the parolee to remain in prison in order to serve another sentence." 110 Ariz. at 472, 520 P.2d at 842. However, A.R.S. Sec. 31–412 was amended, effective October 1, 1978, with the addition of subsection B which states:

"Notwithstanding the provisions of subsection A of this section, any prisoner, regardless of the classification of such

prisoner, who has served a term of imprisonment pursuant to Sec. 41–1604.06, subsection D, unless an increased term has been imposed pursuant to Sec. 41–1604.06, subsection F, and then, in accordance with such subsection, may be certified by the director as eligible for parole for the sole purpose of parole to the custody of any other jurisdiction to serve a term of imprisonment imposed by such jurisdiction or parole to the custody of the department of corrections to serve any consecutive term imposed on such prisoner. Upon review of an application for parole pursuant to the provisions of this subsection the board may authorize such parole if, in its discretion, such parole appears to be in the best interests of the state."

The legislature has decided that a prisoner may be certified as eligible for parole for the sole purpose of parole to the custody of the department of corrections to serve another consecutive term. Therefore, appellant was eligible for parole on the original sentence in order to serve the consecutive escape sentence in the discretion of the parole board. The trial court advised appellant of this at the hearing. No violation of *Boykin* occurred.

■ Appellant's next complaint rests on his faulty first argument. He maintains that the trial court should have ordered a presentence report sua sponte even though appellant had affirmatively waived that right. He argues that had the trial court advised him of the ramifications of his guilty plea according to *Mileham*, that is, that he was ineligible for parole on the prior sentence, he would not have waived his presentence rights. As we have discussed, *Mileham* is no longer valid and the trial court correctly informed appellant of the consequences of his plea. The court advised appellant of his presentence rights and appellant affirmatively waived those rights. *State v. Garcia*, 112 Ariz. 363, 542 P.2d 22 (1975). The transcript shows that appellant stated he desired to waive the presentence hearing, the statutory waiting period and the presentence report and re-

quested the trial court to impose sentence immediately. There was no error.

■ Appellant complains he was denied effective assistance of counsel. The test in Arizona is whether counsel was so inept that the proceedings were reduced to a mere farce, sham, or mockery of justice. *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979). Appellant's complaint is that his counsel waived the preliminary hearing. The waiving of a preliminary hearing may, in some instances, be a good strategy. See *State v. Kelley*, 6 Ariz.App. 547, 434 P.2d 663 (1967). That is not enough to show ineffective counsel. In any case, where the defendant pleads guilty, therefore obviating the need of a trial, the waiver of a preliminary hearing is immaterial. *State v. Maxwell*, 19 Ariz.App. 431, 508 P.2d 96 (1973). As to appellant's complaints regarding counsel's failure to advise him of parole ineligibility and waiving his post-conviction rights, we have already met these arguments. Appellant was not wrongly advised and he was able to affirmatively waive his post-conviction rights and request immediate sentencing. In addition, the transcript shows that appellant was asked by the court if he was satisfied with counsel's representation and appellant never suggested otherwise. Our review of the record shows that counsel was competent in his presentation and the record totally fails to establish ineffective assistance of counsel.

■ Lastly, appellant argues that the presumptive sentence is excessive. His claim is based on his faulty understanding of the amendment to A.R.S. Sec. 31–412. As we have noted, the legislature has specifically authorized the Parole Board to parole a prisoner to a consecutive term; therefore appellant's argument that the sentence is both excessive and cruel and unusual is without merit.

Affirmed.

HOWARD and RICHMOND, JJ., concur.