610 P.2d 1058

STATE of Arizona, Respondent,

v.

Paul David LaBARRE, Petitioner.

No. 1 CA–CR 4255–PR.

Court of Appeals of Arizona,
Division One, Department C.

April 1, 1980.

Rehearing Denied April 30, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer III, Chief Counsel, Criminal Division, Gerald R. Grant, Asst. Atty. Gen., Phoenix, for respondent.

Paul David LaBarre in pro. per.

OPINION

JACOBSON, Judge.

The sole issue raised by this petition for review of a denial of the defendant's post-conviction relief petition is what is the proper computation for determining defendant's parole eligibility when he is serving consecutive sentences.

Petitioner, Paul David LaBarre, was originally convicted of robbery and illegal use

of a telephone following a consolidated jury trial. He was sentenced to serve not less than ten nor more than 25 years for the robbery conviction and was sentenced to time already served for the conviction of illegal use of a telephone. These convictions and sentences were affirmed on appeal by this court in *State v. LaBarre*, 115 Ariz. 444, 565 P.2d 1305 (App.1977). Thereafter, LaBarre was charged with, and convicted by a jury of, six counts of perjury arising out of the prior robbery trial and was sentenced to serve not less than one nor more than 14 years on each count. The sentences were to run consecutive to each other and consecutive to the 10 to 25 year sentence imposed for the robbery conviction. On appeal, one count of perjury was vacated, and the remaining five convictions and sentences were affirmed in *State v. LaBarre*, 114 Ariz. 440, 561 P.2d 764 (App. 1977).

At the time of his convictions and sentences for robbery and perjury, the Department of Corrections had been computing parole eligibility on consecutively imposed sentences under A.R.S. § 31–411(A)(1)[1] by either adding the maximum sentences imposed and dividing that figure by one-third or by adding together the minimum sentences imposed, whichever was less. Based upon this computation, petitioner would have been eligible for parole on November 21, 1989.

On November 15, 1977, the Attorney General issued opinion No. 77–214 concerning the computation of parole eligibility of prisoners serving consecutive sentences. The Attorney General's opinion noted that pursuant to A.R.S. § 31–411(A)(1), consecutive sentences should, for parole purposes, be considered as separate and distinct sentences. Relying on *Mileham v. Arizona Board of Pardons and Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974),[2] the opinion concluded that a prisoner would not be eligible to apply for parole until he had completely served all of his first sentences and the minimum time required under the last of the consecutive sentences. Under this opinion, petitioner's parole eligibility date would be March 21, 2011.

On July 21, 1978, petitioner filed *in propria persona* a petition for post-conviction relief, asserting that pursuant to Rule 32.-1(g), Arizona Rules of Criminal Procedure, the Attorney General's opinion constituted a significant change in the law and that his sentence should be reconsidered. He also argued that the change in the interpretation of A.R.S. § 31–411 constituted an unconstitutional application of the *ex post facto* clause of the United States Constitution, citing *Love v. Fitzharris*, 460 F.2d 382 (9th Cir. 1972), *vacated as moot*, 409 U.S. 1100, 93 S.Ct. 896, 34 L.Ed.2d 682 (1973). The trial court heard evidence on the petition for post-conviction relief, and eventually denied relief. After the denial of the motion for rehearing, the matter was timely brought before this court by a petition for review.

Central to the determination of the issue before this court is the extensive legislation affecting parole enacted by the legislature, effective October 1, 1978, after petitioner had filed his petition for post-conviction relief but prior to the date it was ruled on. Among the legislative enactments was A.R.S. § 31–412(B) (1978 Ariz.Sess.Laws, ch. 164 § 15(B)), which was amended to provide that prisoners serving consecutive sentences

---

1. Arizona Revised Statutes § 31–411(A)(1) at that time provided:

   "Any prisoner who has served one-third of his or her maximum sentence, computed without any time deductions credited, if such prisoner has served more than one calendar year [shall be given an opportunity to appear and apply for release upon parole.]"
   (This section has been extensively amended, effective October 1, 1978. 1978 Ariz.Sess. Laws, ch. 164 § 14.)

2. In *Mileham*, the court held that parole is a release from prison and stated:

   "Parole is not a discharge of a sentence. It is a service of the balance of the sentence outside the prison. Since petitioners' sentences for escape cannot commence until they have been discharged from their original sentences, respondents are not required to give them an opportunity to appear to apply for parole until they are discharged on their original sentences and have served the minimum on the escape sentences." 110 Ariz. at 473, 520 P.2d at 843.

may be paroled to the custody of the Department of Corrections to serve consecutive terms imposed on the prisoner. In doing so, it appears that the legislature intended to provide the missing statutory authority which led to the result in both *Mileham, supra,* and Attorney General Opinion No. 77–214, that is, allowing parole to be served while in the custody of the Department of Corrections. This amended version of A.R.S. § 31–412 is not specifically made retroactive to persons convicted of a crime prior to October 1, 1978. However, in the same chapter, the legislature enacted subsection 30(B) which provides that a person convicted of a crime prior to October 1, 1978 may be paroled to the Department of Corrections to serve a consecutive sentence. 1978 Ariz.Sess.Laws, ch. 164 § 30(B) (codified in note following A.R.S. § 31–411, as amended). That subsection reads as follows:

> Notwithstanding any of the provisions of § 31–412, Arizona Revised Statutes, any prisoner, serving a sentence for conviction of a crime committed prior to October 1, 1978, who becomes eligible for parole pursuant to the provisions of § 31–411, Arizona Revised Statutes, may be paroled for the sole purpose of parole to the custody of any other jurisdiction to serve a term of imprisonment imposed by such jurisdiction or *parole to the custody of the department of corrections to serve any consecutive term imposed on such prisoner.* Upon review of an application for parole pursuant to the provisions of this subsection the board may authorize such parole if, in its discretion, such parole appears to be in the best interests of the state. (Emphasis added.)

It is therefore clear that the legislature intended to allow persons receiving consecutive sentences both before and after October 1, 1978 to be paroled to the custody of the Department of Corrections for the purpose of serving consecutive sentences.

We therefore hold that under the present law a prisoner, convicted prior to October 1, 1978, can be eligible for parole on the first of consecutive sentences after serving the statutory period thereof, even though, if parole is granted, the prisoner will not be released from custody but will begin serving time on a second consecutive sentence.

In the comprehensive amendments included in 1978 Ariz.Sess.Laws, ch. 164, the legislature enacted A.R.S. § 41–1604.06(D) (1978 Ariz.Sess.Laws, ch. 164 § 18) which requires that prisoners convicted of crimes after October 1, 1978, serve at least half of their sentences before being eligible to apply for parole (as compared to one-third under the prior law). However, a reading of section 31 [3] of that legislation leads us to conclude that the legislature did not intend for A.R.S. § 41–1604.06(D) to apply to those prisoners convicted of crimes prior to October 1, 1978. Therefore, we must refer to the law as it existed at the time of the commission of the offense in order to determine petitioner's parole eligibility. As previously indicated, at the time petitioner committed his offense, A.R.S. § 31–411 provided that a prisoner may apply for parole when he has served one-third of the *maximum* sentence, computed without any time deductions credited, if he has served more than one calendar year or if he has less than 60 days left before expiration of his *minimum* term, whichever is less.

Thus, under former A.R.S. § 31–411, the method for computation of petitioner's eligibility for parole is as follows: petitioner will be eligible to apply for parole after he has served one-third of the maximum

---

**3.** 1978 Ariz.Sess.Laws, ch. 164 § 31 (codified in note following A.R.S. § 11–361, as amended) states:

> Except for section 30, the provisions of this act do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this act, or the construction and application of any defense to a prosecution for such an offense.

> Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this act had not been enacted. The provisions of section 30 of this act shall only apply to those prisoners serving a sentence for conviction of a crime committed prior to October 1, 1978.

term of his conviction for robbery. Thus, he will be eligible to apply for parole on the robbery conviction eight years and four months from the date he was originally sentenced which was October 22, 1975, or on February 21, 1984. Assuming he is paroled on that charge, he will then begin serving the first consecutive perjury sentence and petitioner will be eligible to apply for parole on that consecutive perjury conviction one year less 60 days from that date or on December 23, 1984. Assuming petitioner is granted parole on the consecutive sentence on that charge, he would then be eligible to apply for parole on the next consecutive perjury charge on October 24, 1985, which if granted would allow him to apply for parole on the next consecutive perjury charge on August 25, 1986, which, if granted, would enable him to apply for parole on the next consecutive perjury charge on June 26, 1987, which, if granted, would enable petitioner to apply for parole release from prison on April 27, 1988. Therefore, petitioner's earliest possible release from prison on parole for the consecutive sentences imposed is April 27, 1988. This is computed without any time deductions credited pursuant to A.R.S. § 31–411. Inasmuch as April 27, 1988 is earlier than his original eligibility date of November 21, 1989, the application of the later-enacted sentencing statute does not bring into play the *ex post facto* clause of the Constitution.[4]

However, petitioner claims that as he will be required under this system to face the parole board six times, that fact, in and of itself, is a violation of the *ex post facto* clause of the Constitution. It has been stated that a law is *ex post facto* if it either " 'makes an action done before the passing of the law, and which was innocent when done, criminal . . . [or] aggravates a crime . . . [or] changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed. . . .' " *Love v. Fitzharris, supra,* at 384, *citing Calder v. Bull,* 3 U.S. (3 Dall) 386, 390, 1 L.Ed. 648 (1798). *See also*

*State v. Mendivil,* 121 Ariz. 600, 592 P.2d 1256 (1979).

In *State v. Mendivil, supra,* the Arizona Supreme Court held unconstitutional, as applied to Mendivil, a 1977 amendment of A.R.S. § 13–1657 under which Mendivil could have received two years' probation when, at the time he committed the offense, the original version of A.R.S. § 13–1657(A)(1) provided that he could not receive more than one year probation. In that opinion the court stated that "statutes *detrimentally affecting* parole eligibility are unconstitutionally [sic] insofar as applied to a prisoner charged with commission of a crime prior to the enactment of the statute." (Emphasis added.) 121 Ariz. at 602, 592 P.2d at 1258. We do not construe mere procedural changes in statutes as having a "detrimental effect" on petitioner's parole eligibility within the meaning of *ex post facto* constitutional prohibitions. Substantively, petitioner is eligible to apply for parole for release earlier than he originally would have been. Whether petitioner is granted parole each time he applies for it will be determined in large part by petitioner's own behavior during the service of his sentences. The fact that the Board of Pardons and Paroles will have more opportunities to scrutinize petitioner's behavior than it would have had prior to the enactment of section 30, does not "detrimentally affect" his eligibility so as to give rise to *ex post facto* considerations.

For the foregoing reasons, we deny relief.

CONTRERAS, P. J., and OGG, C. J., Division 1, concur.

---

4. Since we conclude that petitioner will be released prior to the time as computed under the Attorney General's opinion, we do not reach the issue of whether that opinion in and of itself, violates the *ex post facto* clause.