650 P.2d 435

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Plaintiff-Appellant,**

v.

**The ARIZONA BANK, an Arizona corporation, Garnishee-Defendant-Appellee.**

No. 15837.

Supreme Court of Arizona, In Division.

June 28, 1982.

Rehearing Denied Sept. 14, 1982.

Robert K. Corbin, Atty. Gen. by J. David Rich and Nancy E. Opre, Asst. Attys. Gen., Phoenix, for plaintiff-appellant.

Ryley, Carlock & Ralston by Abigail Carson Berger, Phoenix, for garnishee-defendant-appellee.

CAMERON, Justice.

This is an appeal by the Department of Economic Security (DES) from an order of the trial court allowing the garnishee, the Arizona Bank, to deduct its answering fee costs against the funds garnisheed. We have jurisdiction pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

The only question we must answer on appeal is whether a garnishee's costs may be taxed against the garnishment fund in the possession of the garnishee.

The facts are not in dispute. On 31 January 1974, DES obtained a $3,370 judgment against Robert J. Jaye Plumbing Company, for unpaid unemployment insurance contributions. The judgment was renewed on 16 November 1978. One year later, DES caused a writ of garnishment to be issued and served upon the Arizona Bank. The bank filed an answer on 22 January 1980, admitting that it was indebted to Jay Plumbing for the sum of $214.20, and asking it be awarded its answering fee of $50. Immediately thereafter, Jaye Plumbing filed a claim for a $100 exemption from garnishment pursuant to A.R.S. § 33–1126(7).

On 15 February 1980, DES obtained a judgment against the bank for $114.20, which represented the $100 exemption, but did not provide for the answer fee requested by the bank. The bank filed a motion to set aside the verdict. The Superior Court granted the motion holding that the bank was entitled to have its answer fee deducted from the fund garnished and which the bank held on deposit. The remainder of the fund was ordered released to DES. From this order DES appeals, claiming that the garnishee bank is not entitled to its answer fee against the garnishment fund, and that DES is entitled to the entire fund less the $100 statutory exemption.

Our garnishment statute reads:

"§ 12–1591. Taxing costs

"A. When the garnishee is discharged upon his answer, the cost of the proceeding, including reasonable compensation to the garnishee shall be taxed against plaintiff.

"B. When the answer of the garnishee is not controverted and the garnishee is held thereon, the costs as provided in subsection A of this section shall be taxed against defendant.

"C. Where the answer is controverted the costs shall abide the issue."

Thus by subsection A, if there are no funds, then the garnishee is entitled to be reimbursed by the plaintiff for the cost of answering the writ. If there are funds and the garnishee's answer is "not controverted," then the costs are taxed against the defendant pursuant to subsection B.

"The policy evidenced by the provisions of section 12–1591, as well as by other provisions of our garnishment code, (footnote omitted) is obviously to give some degree of extra protection and compensation to the garnishee who is dragged into litigation which normally has resulted from a controversy existing primarily between other parties. To effectuate this policy section 12–1591 allows the garnishee to recover its expenses involved in the garnishment proceeding, including attorneys' fees, under the circumstances set forth in the statute. * * * " *Spanier v. U. S. Fidelity & Guaranty Co.,* 127 Ariz. 589, 598–99, 623 P.2d 19, 28–29 (App. 1980).

DES argues that A.R.S. § 12–1591(B), read in conjunction with A.R.S. § 12–1585, requires the garnishee to seek to recover the costs against the judgment-debtor in a separate or collateral proceeding "in the same manner that the plaintiff is required to collect its judgment—by finding a garnishee, * * *."

"§ 12–1585. Judgment against garnishee

"If it appears from the answer of the garnishee, or otherwise, that the garnishee is indebted to the defendant in any amount or was so indebted when the writ was served, the court shall give judgment for plaintiff against the garnishee for the amount so admitted or found to be due defendant from the garnishee unless the amount exceeds plaintiff's judgment against defendant in which case it shall be for the amount of such judgment." A.R.S. § 12–1585.

Admittedly, the issue is not that clear. There is authority, however, to guide us in the interpretation of the statute and the intent of the legislation. The Arizona garnishment statutes were adopted from those

of Texas, see *Gulf Homes, Inc. v. DM Federal Credit Union,* 125 Ariz. 68, 607 P.2d 387 (App.1979), and the construction previously given the language in our statute by the State of Texas is persuasive. *Gulf Homes,* supra. The Texas Court of Civil Appeals, in discussing that state's equivalent of A.R.S. § 12–1591(B), held that a garnishee's costs were deductible from the garnishment fund:

"The record shows that defendant had on deposit with garnishee the sum of $1,547.48 at the time the writ of garnishment was served. In the usual case, the costs, including reasonable attorney's fees, would first be taken from such sum with the balance thereof paid to plaintiff." *Pan American National Bank v. Ridgway,* 475 S.W.2d 808, 809 Fn. 2 (Tex. Civ.App.1972); see also, *Dallas Packing Co. v. Kimberling,* 289 S.W. 149 (Tex.Civ. App.1926).

We agree with the Texas court. The experience of the members of this court is that this has long been the interpretation by the Arizona courts and this interpretation has not been challenged until now. Indeed, such a rule is the only one that makes sense. To require the garnishee to collect its costs from the judgment-debtor in a collateral proceeding would promote unnecessary litigation and unfairness in that the defendant might not be available for suit at the time of the issuance of the writ. The trial court was correct in allowing the Arizona Bank to deduct its answer fee from the garnishment fund before releasing the remainder to DES.

DES, however, cites the case of *Weir v. Galbraith,* 92 Ariz. 279, 376 P.2d 396 (1962), as authority for the view that the courts have held that plaintiff should have judgment for all funds held by the garnishee, and that the garnishee would have to seek reimbursement of the answer fee from the defendant. It is true, as DES contends, that the minute entry in Weir, supra, read as follows:

"ORDERED granting judgment for pltf. against Garnishee Deft. Ariz. Title Guarantee & Trust Co. in sum of $3,995.00, and

"ORDERED that Garnishee Deft. Ariz. Title Guarantee & Trust Co. have judgment *against Deft.* W.L. Weir in the sum of $100.00 for its atty's fees herein." *Weir v. Galbraith,* supra, 92 Ariz. at 289, 376 P.2d at 403. (emphasis added by DES)

We note, however, that (1) the issue of whether the cost of answering the writ should be set off against the funds held by the garnishee was not squarely before the court and (2) the answer of the garnishee was controverted pursuant to paragraph C of A.R.S. § 12–1591, rather than paragraph B as is the case herein. We do not believe Weir, supra, is applicable.

We believe a further comment is in order. This is a $50 lawsuit, appealed by the state from a decision of the trial court that followed well-settled custom. The state has an advantage that other litigants on appeal do not share in the exemption from bond and costs on appeal, and the use of attorneys who, at taxpayers expense, may prosecute appeals without regard to expense. This is done so that the state's interests, the people's interests, may be adequately represented and defended, especially in those cases where important state or public matters are involved. We note in the instant case that the state and its political subdivisions are more often than not the garnishee rather than plaintiff, and the interpretation urged by the Department of Economic Security might well cost the state more than it would gain in the cases where the state is the plaintiff. This case is not one in which the state has a vital interest. This case just is not one which should demand the time of an appellate court system, already clogged with pressing and substantial cases involving the life and liberty of citizens, large sums of money, and urgent questions of constitutional law needing speedy disposition. The ruling sought in the instant case by the DES is one that would have worked an injustice on those garnishees who are required by law to answer writs of garnishment in suits over which they have no interest or control. The position of the DES in

this case serves neither the interest of the state nor the cause of justice.

Order affirmed.

HOLOHAN, C. J., and HAYS, J., concur.