819 P.2d 1014

Peter Donald SAUNDERS,
Petitioner/Appellant,

v.

Robert GOLDSMITH, Warden, Arizona
State Prison Complex, Florence, Arizona; Arter L. Johnson, Chairman, Arizona Board of Pardons and Paroles,
Respondents/Appellees.

No. 2 CA–HC 90–0006.

Court of Appeals of Arizona,
Division 2, Department A.

July 16, 1991.

Review Granted Nov. 19, 1991.

Peter Donald Saunders, in pro. per.

Grant Woods, Atty. Gen. by Sarah A. Bailey and Michele Geiger, Tucson, for respondents/appellees.

LACAGNINA, Presiding Judge.

This appeal is taken from the order of the trial court denying Peter Donald Saunders' petition for writ of habeas corpus. For the reasons set forth below, we vacate and remand.

Saunders was convicted of first-degree murder in 1951 and was sentenced to life imprisonment. The sentence was commuted to 25 years to life in 1963. Parole granted in 1964 was revoked in 1968. He escaped from custody on March 14, 1970, and was returned to prison on March 15, 1970. He escaped again on March 28, 1972, and was returned on March 30, 1972. He was again paroled in 1978, but absconded and was returned to prison upon revocation in 1981. In 1983 Saunders escaped a third time and, following his apprehension, was convicted and sentenced to a consecutive four-year sentence.

In 1985, the Board of Pardons and Paroles granted Saunders a parole to his consecutive sentence pursuant to A.R.S. § 31–412(B). The maximum expiration date on the latter sentence was October 5, 1987. However, the position of the Board is that parole pursuant to A.R.S. § 31–412(B) only has the effect of making previously consecutive sentences concurrent, with the result that Saunders continues to serve his sentence on the murder conviction. Moreover, although recertified every six months for parole consideration, he has

been denied parole continuously since 1987. He argues that, because he has been paroled on the first sentence and has completed his second, he is entitled to be released on parole.

Section 31–412 provides, in pertinent part:

    A. If a prisoner is certified as eligible for parole ... the board of pardons and paroles shall authorize the release of the applicant upon parole if the applicant has reached his earliest parole eligibility date ... and it appears to the board, in its sole discretion, that there is a substantial probability that the applicant will remain at liberty without violating the law. The applicant shall thereupon be allowed to go upon parole in the legal custody and under control of the department of corrections, until expiration of the term specified in his sentence or until his absolute discharge.

    B. Notwithstanding the provisions of subsection A of this section, any prisoner ... who has served a term of imprisonment ... may be certified by the director as eligible for parole for the sole purpose of parole to the custody of any other jurisdiction to serve a term of imprisonment imposed by such jurisdiction or parole to the custody of the department of corrections to serve any consecutive term imposed on such prisoner. Upon review of an application for parole pursuant to the provisions of this subsection the board may authorize such parole if, in its discretion, such parole appears to be in the best interests of the state.

Subsection (B) was enacted following the supreme court's decision in *Mileham v. Arizona Board of Pardons and Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974), holding that a prisoner serving consecutive sentences was not eligible for parole until he had served all of his first sentence and the minimum time required for parole under his last sentence. *See generally State v. LaBarre*, 125 Ariz. 497, 610 P.2d 1058 (App.1980). In *LaBarre*, the court held that subsection (B) applied to prisoners sentenced under the old criminal code and that they "can be eligible for parole on the first of consecutive sentences after serving the statutory period thereof, even though, if parole is granted, the prisoner will not be released from custody but will begin serving time on a second consecutive sentence." 125 Ariz. at 499, 610 P.2d at 1060. Although the supreme court was not required to decide the issue presented here, it is apparent from the court's detailed calculation of LaBarre's "earliest possible [date for] release from prison on parole" that the court did not construe § 31–412(B) as merely converting consecutive sentences into concurrent ones. *Id.* at 500, 610 P.2d at 1061.

In *Cawley v. Arizona Board of Pardons and Paroles*, 145 Ariz. 387, 701 P.2d 1195 (App.1984), *approved as modified*, 145 Ariz. 380, 701 P.2d 1188 (1985), the court struck down a parole board rule adopted pursuant to § 31–412(B) which provided that the time remaining on the earlier of consecutive sentences was tolled until the prisoner completed the sentence to which he was paroled and was released from prison. Finding the rule to be unauthorized by the statute, the court held that when a prisoner is paroled to another sentence, "such parole time must run concurrently with the running of the subsequent sentence." 145 Ariz. at 388, 701 P.2d at 1196. The court cited with approval decisions from other states with similar statutes concluding that "once parole began on the first sentence, the offender would have a dual status; a parolee from the first sentence, and a prisoner serving time on the second." *Id.* at 389, 701 P.2d at 1197.

    The Board argues that in allowing parole "for the sole purpose" of serving a consecutive sentence, the legislature intended a very limited result, that is, that the consecutive sentence begin to run. We believe that this construction ignores the meaning of the word "parole" and that if the legislature had indeed intended that outcome, it would have said so expressly. "Parole is the conditional release from imprisonment which entitles the parolee to serve the remainder of his term outside the confines of an institution, if he satisfactorily complies with all the terms and conditions provided in the parole order." *Thom-*

*as v. Arizona State Board of Pardons and Paroles,* 115 Ariz. 128, 130, 564 P.2d 79, 81 (1977), *citing Mileham, supra.* We believe the purpose of § 31–412(B) is to permit the earlier of consecutive sentences to be subject to parole with the condition that the parole be served in prison for the duration of the consecutive sentence. So construing the statute, we hold that Saunders was entitled to be released on parole on the murder conviction upon the expiration of his sentence on the escape conviction. Accordingly, the trial court erred in denying his petition for writ of habeas corpus.

The order of the trial court is vacated and the matter is remanded with directions to grant the petition for writ of habeas corpus.

LIVERMORE, C.J., and HOWARD, J., concur.