424 P.2d 202

Leonard **BATCHAN**, Petitioner,

v

The **STATE** of Arizona ex rel. Frank A. EY-MAN, Warden, Arizona State Prison, and the Superior Court of Pinal County, Honorable T. J. Mahoney, Judge, Respondents.

No. 2 CA–CIV 367.

Court of Appeals of Arizona.

Feb. 28, 1967.

Rehearing Denied March 17, 1967.

Review Denied April 11, 1967.

Leonard Batchan, in pro. per.

Darrell F. Smith, Atty. Gen., for respondents.

KRUCKER, Judge.

Petitioner, Leonard Batchan, has applied to this Court for a writ of certiorari to determine the legality of the method of keeping records of two-for-one time to be credited for labor performed in the Arizona State Prison, as applied to him, and to compel the superintendent of the prison to keep full and accurate records of petitioner's labor assignments, as mandated under the provisions of A.R.S. § 31–222 which provides, in part:

"The superintendent of the prison shall keep at the prison a full and accurate record of each prisoner therein confined. The record shall include * * * and labor performed by the prisoner while confined in the prison."

Petitioner seeks credit for certain labor performed, as provided in A.R.S. § 31–252, subsec. A:

"A prisoner in the state prison, while working on the public highways or the prison farms as a trusty outside the prison walls and without requiring armed guards, or performing any other assignment of confidence and trust either within or without the prison walls, shall be allowed double time while so employed, and each day so employed shall be counted as two days in computing time on his sentence which shall be deducted, if a first offender, from the minimum term of his sentence, or, if a second offender or more, from the maximum term of his sentence."

Petitioner had sought a writ of mandamus in the Superior Court of Pinal County to compel the prison to give him the credit which was denied.

The basic claim of the petitioner in seeking this writ is that the petitioner was not given two-for-one credit for labor during the first sixty days of his incarceration, which is known as "quarantine" for all prisoners entering the institution. This is an orientation period where all incoming prisoners are checked, examined, tested, etc.

There is a great misapprehension in the entire prison population that a prisoner is entitled to two-for-one time credit for any labor performed, under the provisions of A.R.S. § 31–252, subsec. A. This is not the case. As we stated in Rogers v. State, 5 Ariz.App. 157, 424 P.2d 199 (1967), the provisions of A.R.S. § 31–252 apply only when a prisoner is in a position of trust.

We hold that no prisoner, even if working, is entitled to any two-for-one credit for his labor during the first sixty-day period of his incarceration and while he is in "quarantine" unless he has actually been placed in a position of trust as defined in A.R.S. § 31–252, subsec. A; therefore, no record of such labor by the prison officials would have to be kept during this period as to two-for-one labor.

We will not pass on the question of whether or not the writ sought in the instant case is the proper remedy, because we hold that there is no merit to the contentions of the petitioner.

The petition for writ of certiorari is denied.

HATHAWAY, C. J., and MOLLOY, J., concur.