550 P.2d 1076

**Thomas TYREE, Petitioner,**

**v.**

**John J. MORAN, Director, Arizona Department of Corrections, Harold J. Cardwell, Warden, Arizona State Prison, Respondents.**

**No. H–697.**

Supreme Court of Arizona,
In Banc.

June 4, 1976.

Bruce E. Babbitt, Atty. Gen. by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for respondents.

Thomas Tyree, in pro. per.

HOLOHAN, Justice.

Petitioner seeks a writ of habeas corpus contending that the respondents are wrongfully detaining him in the Arizona State Prison. Petitioner alleges that he must be released from prison pursuant to A.R.S. § 31–411.

Petitioner was heretofore sentenced to a term of imprisonment of not less than five years nor more than seven years with sentence to commence to run from September 14, 1971. Although the maximum sentence has not expired petitioner contends that he must be released forthwith because he is eligible under the provisions of A.R.S. § 31–411.

Respondents answer that petititoner was sentenced prior to the amendment of A.R.S. § 31–411, and he does not come within the statute as amended.

Prior to 1974 A.R.S. § 31–411(B) provided:

"B. When a prisoner appears before the board and his application is denied, the application shall not again be considered until a period of six months has elapsed, in which event all deductions earned and credited in his minimum sentence under the provisions of §§ 31–251 and 31–252 shall be deducted from the maximum sentence."

In 1974 subsection B was amended and the following was added:

"Every prisoner shall be temporarily released according to the rules and regulations of the department one hundred and eighty days prior to the expiration of

the maximum sentence and shall remain under control of the department of corrections until expiration of the maximum term specified in the sentence. If the offender violates such rules and regulations, the releasee without further process may be returned to custody and the board pursuant to section 31–252 may forfeit time credit deductions allowed prior to the violation of such rules and regulations." Laws 1974, Ch. 137, § 4.

Petitioner was sentenced to the Arizona State Prison prior to August 9, 1974, the effective date of the amendment, but he contends that the amended statute is to be applied to any prisoner in the state prison after the effective date of the amendment. Respondents contend that the instant statute is only to be applied to inmates sentenced after the effective date of the amendment.

 In the construction of the section in question we are guided by the rule of law that statutes are to be liberally construed to effect their objects and to promote justice. A.R.S. § 1–211(B). The objective sought by the amendment in 1974 was to provide a period of control of all prisoners released by expiration of sentence. Prior to the amendment if a prisoner did not qualify for, or refused to apply for, a parole, he was released from prison without further supervision when he had served sufficient time with statutory credits to equal the maximum sentence imposed. With statutory credits a prisoner could serve less than half the maximum sentence imposed yet qualify for a full release from prison. The amendment in 1974 changed this concept to provide that all prisoners released from prison would be under the supervision of the Department of Corrections for a period of time at least equal to one hundred and eighty days.

The respondents argue that the 1974 amendment cannot be given retroactive effect because there is no expression of such intent within the act. A.R.S. § 1–244. Our

attention is also directed to A.R.S. § 1–246 and A.R.S. § 1–247 as further authority for respondents' construction that the statute applies only to persons sentenced after its effective date.

 The construction sought by respondents is too restrictive and not in harmony with the legislative purpose. The amendment does not alter the penalty which was attached to any offense, nor create a new penalty, nor change the sentence imposed. The fact that the amendment may in application relate to antecedent events does not make it retroactive in application. *Tower Plaza Investments, Limited v. DeWitt,* 109 Ariz. 248, 508 P.2d 324 (1973). The amendment is remedial in nature, and such statutes do not normally come within the rule against retrospective operation. *Merchants Despatch Tr. Corp. v. Arizona St. T. Com'n,* 20 Ariz.App. 276, 512 P.2d 39 (1973); 73 Am.Jur.2d, Statutes, § 354. In our view the 1974 amendment was meant to be effective as to all prisoners irrespective of the date of imposition of sentence.

 Having decided that A.R.S. § 31–411(B) is applicable to petitioner, is he entitled to be released from prison under the control of the Department of Corrections? To answer this question it is necessary to clarify the terms used in the amended section. The "maximum term of such prisoner's sentence" is the maximum term of years imposed by the sentencing court. The "expiration of the maximum sentence" is the "maximum term of such prisoner's sentence" less the "double time" and "good time" credits earned by the prisoner pursuant to A.R.S. §§ 31–251 and 31–252. Under the amended section it is necessary for the Department of Corrections to determine the time credits which a prisoner has earned, subtract the sum of those credits from the sentence actually imposed, and arrive at the date for the expiration of sentence. The statute then requires that the prisoner be released 180 days prior to the above date.

The prisoner thereafter remains under the control of the Department of Corrections until expiration of the term of the sentence actually imposed.

■ Respondents do not contest the allegations of the petition concerning the expiration of petitioner's sentence if the amended statute is applicable to him; therefore the petitioner is entitled to be released forthwith from prison subject to the control of the Department of Corrections. The order directing release of the petitioner shall issue forthwith.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.