560 P.2d 1242

**Ray E. ARNOLD, Petitioner,**

v.

**John J. MORAN, Director, Arizona Dept. of Corrections, Respondent.**

**No. M–189.**

Supreme Court of Arizona,
In Banc.

Feb. 24, 1977.

Bruce E. Babbitt, Atty. Gen., Thomas G. Bakker, Asst. Atty. Gen., Phoenix, for respondent.

Ray E. Arnold, in pro. per.

HOLOHAN, Justice.

By this special action the petitioner challenges the action of the Director of the Department of Corrections in refusing to apply the "good time credits" under A.R.S. § 31–251 and the "double time credits" under A.R.S. § 31–252 to petitioner's sentence. Petitioner was convicted of armed robbery and sentenced pursuant to A.R.S. § 13–643(B) to serve a minimum of eight years and a maximum of fifteen years in the Arizona State Prison. The issue raised by this petition is:

Is a person sentenced pursuant to A.R.S. § 13–643(B) entitled to the time credits allowed under A.R.S. §§ 31–251 and 31–252?

A.R.S. § 13–643(B) provides:

"Robbery committed by a person armed with a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for a first offense committed by a person armed with a deadly weapon other than a gun, shall the person convicted be eligible for suspension or commutation of sentence, probation, pardon or parole until such person has served the *minimum sentence imposed.*" (Emphasis supplied.)

In a few instances the Legislature, by clear language, has required that a sentence be served for a specific minimum number of calendar years. See A.R.S. §§ 36–1002 and 36–1002.01; A.R.S. § 13–453(A). The statute in question does not contain such language. The statute does limit eligibility for suspension, commutation, probation, pardon or parole until a prisoner "has served the minimum sentence imposed."

Since 1974 the credits for "good behavior" (A.R.S. § 31–251) and "double time" (A.R.S. § 31–252) have been allowed as deductions only from the maximum term of a prisoner's sentence. Laws 1974, Ch. 137, §§ 1 and 2. The petitioner, who was sentenced in 1975, is not entitled to any statutory credits to be applied to his minimum sentence. Any statutory credits are applicable to the maximum term.

We agree with the position of the Department of Corrections that the petitioner may not be considered for parole until he has served the minimum term. We agree with the Department's position that petitioner is not entitled to parole consideration after service of one-third of his maximum sentence despite the provisions of A.R.S. § 31–411(A).* The special statute (A.R.S. § 13–643) prevails over the general (A.R.S. § 31–411). *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973). Since one-third of the petitioner's maximum sentence would be less than the minimum sentence of eight years, the clear mandate of A.R.S. § 13–643(B) requires that petitioner serve the minimum sentence of eight years before becoming eligible for parole.

Although A.R.S. § 13–643(B) governs petitioner's eligibility for parole, does it have any effect upon his eligibility for absolute release? The provisions of A.R.S. § 13–643(B) apply to a person's eligibility "for suspension or commutation of sentence, probation, pardon or parole," but there is no reference to absolute discharge. Petitioner points out that he could complete the service of his maximum sentence in less than eight years if he is allowed the statutory credits earned by most prisoners. The Department of Corrections does not contest this position, but the Department takes the position that petitioner is not eligible for release under any circumstances until he has served the minimum term of eight years.

We find nothing in the provisions of A.R.S. § 13–643(B) which prevents the release of petitioner upon completion of his maximum sentence even though that event may occur in less than the number of calendar years of his minimum sentence. The

* "A. The board of pardons and paroles shall meet at least monthly at the state prison and at other times or places deemed necessary. At such meetings any prisoner meeting the following requirements shall be given an opportunity to appear and apply for release upon parole, or for an absolute discharge:

"1. Any prisoner who has served one-third of his or her maximum sentence, computed without any time deductions credited, if such prisoner has served more than one calendar year; or

"2. Any prisoner who has less than sixty days left before expiration of his or her minimum term, whichever is less.

"The board shall not entertain any other form of application or petition or appearance for the release upon parole or absolute discharge of any prisoner."

application of the statutory credits provided by A.R.S. §§ 31–251 and 31–252 allows a prisoner to earn a substantial reduction in the number of years required to be served to complete a sentence. Those instances in which the Legislature has placed restrictions upon a prisoner's normal release date for completion of sentence are found mainly in the Uniform Narcotic Drug Act, A.R.S. § 36–1001 et seq. In most of the penalty sections of that Act the Legislature provides that a person " . . . shall not be eligible for release upon *completion* (emphasis supplied) of sentence, or on parole, or on any other basis until he has served not less than" the number of years specified in the section. Since no such language is found in the provisions of A.R.S. § 13–643(B), we believe that the Legislature did not intend to change the usual method of completing the service of the maximum term imposed in the sentence.

The service of the sentence imposed by the court involves two factors: actual years in confinement plus time credits earned by the prisoner under the several methods provided by statute. *Tyree v. Moran*, 113 Ariz. 275, 550 P.2d 1076 (1976); *State v. Rice*, *supra*. The statutory credits against a prisoner's sentence may result in a prisoner serving less than one-half the maximum sentence imposed by the court. There does not appear to be a consistent policy within the criminal code in this area of authorized sentences versus service of sentences. This inconsistency serves to complicate this court's task of giving meaning to the legislative intent.

In conclusion, we hold that, under the provisions of A.R.S. § 13–643(B), petitioner is not eligible for parole until he has served his minimum sentence of eight years; that petitioner is entitled to earn, and have credited against his maximum sentence, the statutory credits allowed sentenced prisoners; that petitioner is entitled to an absolute release when his time served plus his statutory credits equal his maximum sentence; that petitioner is entitled to an absolute release upon completion of sentence although that time may actually be less than the minimum term imposed.

The Director of the Department of Corrections shall proceed in accordance with the views expressed in this opinion, and the petitioner shall be credited with the statutory time credits which he has earned to date.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.