611 P.2d 115

STATE of Arizona, Respondent,

v.

Eugene Wayne MOORE, Petitioner.

No. 1 CA–CR 4189–PR.

Court of Appeals of Arizona, Division 1, Department A.

March 25, 1980.

Rehearing Denied May 2, 1980.

Review Denied May 20, 1980.

William L. Hicks, Yavapai County Atty. by Steven B. Jaynes, Deputy County Atty., Prescott, for respondent.

Alward & Goodman by Mark N. Goodman, Prescott, for petitioner.

OPINION

FROEB, Presiding Judge.

Petitioner was convicted following a trial by jury of two counts of sale of heroin in

violation of A.R.S. § 36–1002.02. He was sentenced to serve concurrent terms of not less than twelve nor more than thirty years in the Arizona State Prison. He appealed to this court, which affirmed his convictions and sentences by Memorandum Decision. *State v. Moore*, 1 CA–CR 2363, filed August 2, 1977. He filed a petition for post-conviction relief *in propria persona* on May 1, 1978, alleging, *inter alia*, ineffective assistance of trial counsel. Counsel was appointed to represent him on the petition for post-conviction relief. Petitioner then filed an amended petition for post-conviction relief, withdrawing the original petition. In the amended petition, he claimed that he received ineffective assistance of trial counsel, that a police officer testified falsely at his trial, and that he received an inappropriately disparate sentence in relation to the co-defendant's sentence. The trial court summarily denied the petition for post-conviction relief.

Petitioner filed a motion for rehearing on the trial court's denial of the petition for post-conviction relief, stating as follows:

> Petitioner, by and through counsel undersigned, respectfully requests that the court grant a rehearing of its order filed on 23 March 1979 for all of the reasons asserted by Petitioner in his Petition and Amended Petition, which are hereby incorporated by reference herein.

The motion for rehearing failed, therefore, to set forth with any specificity issues relied upon by petitioner in urging rehearing, and failed to set forth with any specificity petitioner's argument. 17 A.R.S. Rules of Criminal Procedure, rule 32.9(a), provides that in a motion for rehearing an aggrieved party must set forth "[I]n detail the grounds wherein it is believed the court erred." That was not done in this case. The purpose of a motion for rehearing is two-fold: first, to afford the trial court an opportunity to correct any errors it may have made in ruling on the petition for post-conviction relief; and, second, to frame the issues for review by this court. The failure to comply with the rule denies the trial court any meaningful opportunity to review its decision in light of issues which a petitioner thinks are especially meritorious. The trial court is forced to review again the entire proceedings. Additionally, this court is required to review the entire proceedings without the benefit of research by counsel as to those issues which have merit.

Rule 32 proceedings for post-conviction relief were designed to provide criminal defendants an opportunity to have meritorious claims of error reviewed. The rule was not written with the purpose of enabling criminal defendants, after conviction and appeal, to "shotgun" issues in the outside hope that a court might find some error in the case. If counsel, after a decision on a petition for post-conviction relief, is unable to find issues of merit to argue in a rule 32.9(a) motion for rehearing, it is not proper to simply file such a motion anyway in the hope that error will somehow be discovered. This does not mean that we will not liberally construe the specificity requirement of rule 32.9(a) in a motion for rehearing when the movant has stated a contention of error in the motion. However, in this case petitioner failed to state any contention of error. Petitioner has already taken an appeal; his case has been reviewed for fundamental error, and none was found. Therefore, in the absence of a motion for rehearing which sets forth with specificity the grounds wherein it is believed that the trial court erred in ruling on the petition for post-conviction relief, we decline to grant review in this matter.

For the foregoing reasons, the petition for review is denied.

DONOFRIO and WREN, JJ., concur.