615 P.2d 11

STATE of Arizona, Respondent,

v.

Marvin Wayne WALDEN, Petitioner.

No. 1 CA–CR 4383–PR, 1 CA–CR 4384–PR.

Court of Appeals of Arizona, Division 1, Department C.

June 10, 1980.

Rehearing Denied July 30, 1980.

Robert K. Corbin, Atty. Gen., by Robert F. Ellig and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for respondent.

Brice E. Buehler, Phoenix, for petitioner.

## OPINION

JACOBSON, Judge.

Petitioner pled guilty to three counts of lewd and lascivious acts. On October 31,

1972, he was sentenced to three consecutive terms of four to five years' imprisonment commencing August 12, 1972.[1] At the time sentence was imposed it was the policy of the Arizona Department of Corrections to combine the minimum and maximum terms of imprisonment in computing parole eligibility under A.R.S. § 31–411(A).[2] Under this method of computation, the consecutive four to five year sentences were treated as one twelve to fifteen years sentence and petitioner was certified as eligible for parole after having served one-third of the minimum sentence, *i.e.*, four years. On December 8, 1976, petitioner appeared at his parole hearing and was granted parole. He was released from custody on February 24, 1977.

While petitioner was on parole the Arizona Attorney General issued opinion No. 77–214 on November 15, 1977 which stated that under A.R.S. § 31–411(A) consecutive sentences should be considered as separate and distinct sentences for parole purposes. The opinion relied on *Mileham v. Arizona Board of Pardons and Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974) and concluded that a prisoner would not be eligible to apply for parole until he had completely served all of his first sentences and the minimum time required under the last of the consecutive sentences. Although under this opinion petitioner was paroled prematurely, the state did not seek his rearrest and he continued on parole.

On September 12, 1978, petitioner pleaded guilty in Maricopa County Cause No. 102006 to attempting to obtain dangerous drugs by fraud or deceit. Thereafter, on September 28, 1978, a parole revocation warrant was issued alleging that petitioner had failed to notify his parole officer of his arrest and had been convicted of the subsequent drug charge. On October 11, 1978, he

was sentenced to a term of one to three years imprisonment on the drug charge beginning September 12, 1978. This sentence was to be served concurrently with the prior sentences imposed on the lewd and lascivious charges. Petitioner was transferred to the Arizona State Prison where on November 21, 1978 a parole revocation hearing was held by the Arizona Board of Pardons and Paroles. The Board found that petitioner had violated his parole as stated in the warrant, that his parole would be revoked effective November 21, 1978 and that he would forfeit one year, two months and twelve days of his time credits accrued while not in custody.

On February 21, 1979, petitioner filed a petition for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. The petition presented 23 separate issues which were summarily denied by the trial court pursuant to Rule 32.6. A timely motion for rehearing was filed and denied and a timely petition for review was brought to this court. The issues presented may be reduced to five categories:

1. What is the law relating to parole and release dates where consecutive sentences are involved and should that law be applied to petitioner?

2. Did the Board of Pardons and Paroles have authority to revoke petitioner's parole where he was unlawfully paroled prematurely?

3. Did the sentencing judges on the lewd and lascivious charges and on the drug charges consider parole eligibility in imposing sentence?

4. Was the presentence report in the drug case adequate?

5. Which mandatory release provisions of A.R.S. § 31–411(B) apply to petitioner?

---

1. Judgments and sentences affirmed, *State v. Walden*, S.Ct. No. 2655 (Memorandum Decision filed September 20, 1973).

2. A.R.S. § 31–411(A) at that time provided in pertinent part:

    Every other prisoner who has served *one-third of the minimum sentence*, computed

without any time deductions credited, if he has served more than one calendar year, shall be given an opportunity to appear before the board and apply for release upon parole.

(Emphasis added.)

## RELEASE PROVISIONS UNDER CONSECUTIVE SENTENCES

The petitioner has argued at length the effect of the Attorney General's opinion dated November 15, 1977 on consecutive sentences. We have dealt with most of these contentions in *State v. LaBarre,* 125 Ariz. 497, 610 P.2d 1058 (1980).

■ However, we do not need to reach those issues here, for at the time petitioner filed his post-conviction relief petition (February 21, 1979) the issue of whether he should have been or would in the future be granted parole on his consecutive sentence became moot. As indicated petitioner was originally sentenced to three consecutive sentences of four to five years each, the first sentence to run from August 12, 1972. The records of the Department of Corrections show that the first of these consecutive sentences expired on February 14, 1975, at which time he started serving his second consecutive sentence. While serving this second consecutive sentence he was released on parole on February 24, 1977. While on parole, the second consecutive sentence expired on October 19, 1977.

When his parole was revoked he forfeited one year, two months and 12 days of the time he was at liberty which simply meant that the date on which he was considered to start serving his third consecutive term was advanced from October 19, 1977 to November 21, 1978.[3]

Therefore, at the time petitioner filed his post-conviction relief petition, he was at that time serving concurrently the last of his consecutive sentences for lewd and lascivious conduct and the one to three year sentence for the drug related charges.

Nowhere has petitioner raised the issue that he is entitled to parole on the shorter of concurrent sentences while still serving prison time on the longer of the concurrent sentences. We therefore find, as to this petitioner, the effect of the Attorney General's opinion on consecutive sentences to be moot.

## AUTHORITY OF PAROLE BOARD

■ Petitioner's next argument is that because he was released prematurely, the parole board lost jurisdiction over him and therefore had no authority to issue the warrant for his arrest, revoke his parole and deduct his time credits. We find this argument to be wholly frivolous. Implicit in the holding in *State v. Deddens,* 112 Ariz. 425, 542 P.2d 1124 (1975), is the authority of the state to retain jurisdiction over a prematurely released prisoner. There, the warden was held in contempt until the prisoner was returned. To the extent that petitioner's argument relies on the equal protection clause, that argument was also rejected in *Deddens:*

> We do not believe that the release of a criminal is required merely because some others were erroneously released. Illegal windfalls are not binding precedent for future conduct.

112 Ariz. at 430, 542 P.2d at 1129.

## SENTENCING JUDGES' INTENT

■ Here, petitioner argues that at the time he was sentenced on the lewd and lascivious charges and again on the drug charge, the sentencing judges were considering the prior standards for parole eligibility in determining the sentences. However, petitioner only makes general allegations that it is presumed the trial judges consider these methods of computation because they were in effect at the time. Such presumption is insufficient to show a colorable claim for relief under Rule 32. In *State v. Rice,* 110 Ariz. 210, 516 P.2d 1222 (1973) the supreme court remanded for resentencing where the record was clear that the sentencing judge had erroneously applied the law governing parole eligibility and had relied upon that erroneous compu-

**3.** We note while the Board ordered that petitioner forfeit one year, two months and 12 days of his time credits accrued while not in custody, the October 19, 1977 and November 21, 1978 dates are separated by only one year, one month and two days. As it appears that petitioner actually forfeited less time than the Board ordered, he is not harmed by the inconsistency.

tation in determining the sentence. Here, no such specific allegations have been alleged. In addition, from our review of the record, it does not appear that the sentencing judges considered parole eligibility in the imposition of either of his sentences.

## PRESENTENCE REPORT

Here, petitioner asserts that the presentence report in the drug charge was incomplete. We have reviewed the transcript from the sentencing proceedings and note that at the time of sentencing the petitioner and his attorney were present and were asked if they had time to review the presentence report to which they answered "yes." They were given an opportunity to make any corrections and failed to assert the allegations now raised even though there appears to be no reason why they were not known to petitioner at that time. Under these circumstances, the issue has been waived. *State v. Nichols*, 24 Ariz. App. 329, 538 P.2d 416 (1975).

## MANDATORY RELEASE

Petitioner's last contention is that he is entitled to have the mandatory release provisions of A.R.S. § 31–411(B) apply to each of his sentences. Under this theory, six months prior to the expiration of his drug related sentence he would be entitled to a 180 day furlough from prison at which time he would return to prison and serve the balance of his lewd and lascivious sentence. The pertinent portions of A.R.S. § 31–411(B) provide:

> Every prisoner, having served not less than one year, shall be temporarily released according to the rules and regulations of the department one hundred eighty days prior to the expiration of the sentence and shall remain under control of the department of corrections until expiration of the term specified in the sentence.

While the literal language of the statute could be construed as urged by the petitioner, in our opinion such a construction would not comport with the ascertainable legislative intent. It would appear that the plain purpose of the release provisions of A.R.S. § 31–411(B) was to permit a prisoner, at the end of his prison term, to experience a somewhat gradual return to the community and to provide the prisoner with a supervised reintegration into society. *See Tyree v. Moran*, 113 Ariz. 275, 550 P.2d 1076 (1976). This purpose would be frustrated by granting the prisoner a six month furlough and then jerking him back into the prison environment. For the same reason we likewise reject a construction of this statute which would allow a prisoner serving consecutive sentences to start serving the next consecutive sentence 180 days prior to completion of the first sentence.

In our opinion, the proper construction of this statute is that the release provisions of A.R.S. § 31–411(B) only come into play 180 days prior to the time the prisoner would finally be released from prison, either on expiration of the last of consecutive sentences or expiration of the longer of concurrent sentences.

For the foregoing reasons, the petition for review is granted and relief is denied.

CONTRERAS, P. J., and OGG, C. J., concur.