NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEVEN FOSTER GUNTER, *Petitioner*.

No. 1 CA-CR 13-0153 PRPC

FILED 4-23-2015

Appeal from the Superior Court in Yavapai County
No. P1300CR20090779
P1300CR201001265
P1300CR201100738
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Steven John Sisneros
*Counsel for Respondent*

Steven Foster Gunter, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

---

**T H O M P S O N**:

¶1        Petitioner Steven Foster Gunter petitions this court for review from the dismissal of his notice of post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Gunter pled no contest in two separate cases to sexual assault, kidnapping, theft of a credit card, unlawful flight, endangerment, criminal damage, theft and issuing a bad check. This resulted in the revocation of Gunter's probation for criminal trespass, possession of burglary tools and resisting arrest in a third, earlier case. The trial court sentenced Gunter to an aggregate term of eighteen years' imprisonment for the three cases. Gunter now seeks review of the summary dismissal of his second notice of post-conviction relief and the accompanying memorandum.[1] We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Below, Gunter claimed his counsel in his first post-conviction relief proceeding was ineffective when he failed to raise issues regarding the legality and/or sufficiency of the grand jury process, the sufficiency of the indictments and whether prosecutorial misconduct occurred during the grand jury proceedings and/or the preparation of the indictments. Gunter also argued counsel was ineffective when he failed to argue the trial court lacked jurisdiction over Gunter's cases because of these alleged deficiencies in the grand jury process and the indictments. Finally, Gunter claimed post-conviction relief counsel was ineffective when he failed to argue that Gunter's trial counsel should have raised these issues before Gunter entered his pleas.

¶4        We deny relief. Rather than set forth specific claims supported by legal argument in his petition for review, Gunter attempts to

---

[1] While the order of dismissal below and the petition for review identify all three cases, Gunter only sought post-conviction relief in the two later cases. **(C 52.)**

incorporate by reference the petition he filed below into his petition for review. This is inappropriate. *State v. Moore*, 125 Ariz. 528, 529, 611 P.2d 115, 116 (App. 1980). A petition for review may not incorporate by reference any issue or argument. The petition must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.5, 32.9(c). While Gunter's petition for review does identify the general issues he raised below, merely mentioning an issue is not enough. *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004)

**¶5**  Even if we assume *arguendo* that Gunter properly presented the issues for review, we deny relief because Gunter could have raised these issues in a timely petition for post-conviction relief after the dismissal of his of-right petition on November 16, 2012.[2] A defendant who seeks to claim ineffective assistance of the defendant's "of-right" post-conviction relief counsel must file the second notice of post-conviction relief within thirty days of the issuance of the final order in the post-conviction of-right proceedings. Ariz. R. Crim. P. 32.4(a); *State v. Pruett*, 185 Ariz. 128, 131, 912 P.2d 1357, 1360 (App. 1995). Gunter did not file a timely second notice of post-conviction relief. Gunter's claim that he is entitled to relief from the deadline pursuant to Rule 32.1(f) because of "head trauma" he allegedly suffered in an automobile accident in 2010 fails because Rule 32.1(f) applies only to the failure to file a timely notice of appeal or a notice of post-conviction relief of-right. This is not an of-right proceeding. Ariz. R. Crim. P. 32.1(f).

**¶6**  If we assume *arguendo* that Gunter properly presented the issues for review in a timely fashion, we also deny relief because Gunter waived these claims when he entered his pleas. A plea agreement waives all non-jurisdictional defenses, errors and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200, 655 P.2d 23, 24 (App. 1982). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Despite Gunter's arguments to the contrary, his claims regarding the grand jury and the indictments are not "jurisdictional." "Jurisdiction" means "the courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998). Defects in an indictment are not "jurisdictional" and

---

[2] There is nothing in the record to suggest Gunter filed a petition for review of the dismissal of his of-right petition for post-conviction relief.

do not deprive a court of its power to adjudicate a case. *Id.*, 535 U.S. at 630-631.

¶7 Gunter also argued below that the recent United States Supreme Court decision in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), constitutes a significant change in the law that allows him to raise an untimely claim of ineffective assistance of counsel. Gunter is incorrect. *Martinez* held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, __ U.S. at __, 132 S.Ct. at 1320. This simply means Gunter can seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not require a state court to consider all untimely claims of ineffective assistance of counsel raised in post-conviction proceedings.

¶8 We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama