NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JOHN BERRY MARTIN, *Petitioner.*

No. 1 CA-CR 13-0772 PRPC
FILED 5-26-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2009-125880-001
The Honorable David B. Gass, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

John Berry Martin, Salem, OR
*Pro Se Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**H O W E,** Presiding Judge:

¶1          John Berry Martin seeks review of the summary dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered his petition for review and, for the reasons stated, grant review but deny relief.

¶2          The State charged Martin with second-degree murder in connection with the fatal shooting of his wife. After jury trial, Martin was convicted of the lesser-included offense of manslaughter. The trial court sentenced Martin to an aggravated 14.5-year term of imprisonment. This Court affirmed Martin's conviction and sentence on appeal. *State v. Martin*, 1 CA-CR 10-0354 (Ariz. App. Aug. 18, 2011) (mem. decision).

¶3          Martin filed a notice of post-conviction relief. Martin's appointed counsel then notified the trial court that he had reviewed the record but found no claims to raise in post-conviction proceedings. Martin then filed petition and supplement briefing on his own behalf, alleging claims of ineffective assistance of counsel and prosecutorial misconduct. The trial court summarily dismissed the petition, ruling that the claims of prosecutorial misconduct were precluded and that Martin had failed to state a colorable claim of ineffective assistance of counsel. This petition for review followed.

¶4          Martin lists five issues for review in his petition, which consist of assertions that the trial court erred in various findings and rulings. For the facts material to the issues presented, Martin states he "presented and preserved on the record several bases for post-conviction relief." As for the reasons why the petition should be granted, Martin simply states: "In the interest of justice," adding that he is "not trained to argue legal reasons" why relief should be granted.

¶5          Martin's petition for review submitted is not sufficient to obtain relief. A petition for review may not simply incorporate by reference any issue or argument; instead, the petition must set forth specific claims,

present sufficient argument supported by legal authority, and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1); *State v. Moore*, 125 Ariz. 528, 529, 611 P.2d 115, 116 (App. 1980); *see also State v. Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996) (holding no fundamental error review in post-conviction relief proceedings). "The insistence on compliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. *Id.* Because the petition for review fails to comply with the requirements of Rule 32.9(c)(1), Martin is not entitled to relief.

**¶6**         Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama