NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DARROL DEAN CLAYBORN, *Appellant.*

No. 1 CA-CR 15-0665
FILED 8-4-2016

Appeal from the Superior Court in Maricopa County
No. CR 2013-433944-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Spencer D. Heffel
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

**O R O Z C O**, Judge:

¶1     Darrol Dean Clayborn (Defendant) appeals his convictions and the resulting sentences for aggravated assault, a class 3 repetitive felony, and disorderly conduct, a class 1 misdemeanor.  Pursuant to *Anders v. Cal.*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Defendant's counsel has filed a brief indicating she searched the entire record, found no arguable question of law, and asked this court to review the record for fundamental error.  Defendant was given the opportunity to file a supplemental brief in propria persona, but he has not done so.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2     In July 2013, L.A. had her three children in her car and was backing out of a driveway when she heard a woman screaming for help. L.A. did not know the woman, but the woman was arguing with Defendant and she jumped into L.A.'s car.  Shortly thereafter, L.A. stopped to let the woman out and Defendant reached through the window and hit the woman in the face.  Defendant then mimicked a gun with his fingers like he was "going to shoot" L.A., took a "huge rock" and smashed the windshield on the driver's side of L.A.'s car.[1]  Police arrested Defendant after a foot chase and struggle.

¶3     Defendant was indicted on four counts: aggravated assault, a class 3 dangerous felony (Count 1); resisting arrest, a class 6 felony (Count 2); criminal damage, a class 1 misdemeanor (Count 3), and; disorderly conduct, a class 1 misdemeanor (Count 4).  A jury trial was held in July 2014.[2]  At trial, L.A. testified that when Defendant threw the rock into her

---

[1]     L.A. also described the size of the rock as "seven inches."

[2]     In October 2013, the court found Defendant incompetent to proceed to trial.  The court reevaluated Defendant in December 2013, and found him competent.

windshield, she was fearful, her legs started to shake, and her children were screaming. L.A. further testified that she thought her kids were going to be harmed, and after the incident, her daughter was "pretty [shaken] up" and had nightmares. Officer Dominguez testified that L.A. was "upset" after the incident.

¶4 The jury found Defendant guilty of Count 1 and Count 4. The jury found Defendant not guilty of Count 3, and could not reach a unanimous decision regarding Count 2. The jury did not find that Count 1 was a dangerous offense.

¶5 Prior to sentencing, Defendant acknowledged having four prior felonies, but only stipulated to two. The court performed a colloquy regarding the two prior felonies and accepted Defendant's stipulation. Defendant then stipulated to all four prior felonies, and the court accepted that stipulation without an additional colloquy.

¶6 For Count 1, the court imposed the presumptive sentence of 11.25 years' incarceration, and gave Defendant 406 days' presentence incarceration credit. For Count 4, the court imposed a six-month jail sentence, but gave Defendant six months' presentence incarceration credit. In addition, the court ordered community supervision equal to one day for every seven days of the sentence, to be served consecutively.

¶7 Defendant timely appealed.[3] We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2016).[4] Finding no reversible error, we affirm.

**DISCUSSION**

¶8 We review the sufficiency of evidence "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552 (1981). All reasonable inferences are resolved against the defendant. *Id.* A reversal of a conviction based on insufficiency of the evidence requires a

---

[3] The court sentenced Defendant on November 7, 2014, and Defendant filed a notice of appeal on December 1, 2014. The court of appeals dismissed the appeal as untimely. Defendant then filed a petition for post-conviction relief and requested leave to file a delayed notice of appeal, which the court granted. Thereafter, Defendant timely appealed.

[4] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

clear showing that there was not sufficient evidence to support the jury's conclusion under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (noting that it is the jury's function, not the court of appeals, to weigh the evidence and determine credibility).

**¶9**       Under A.R.S. § 13-1203.A.2, "[a] person commits assault by . . . intentionally placing another person in reasonable apprehension of imminent physical injury." A person commits aggravated assault "[i]f the person uses a deadly weapon or dangerous instrument." A.R.S. § 13-1204.A.2. The State presented sufficient evidence to support the jury's verdict. Defendant used a "huge rock" to smash the windshield on the driver's side of L.A.'s car and mimicked a gun with his fingers like he was "going to shoot" her. L.A. testified that at the time of the incident, she was fearful, her legs started to shake, and her daughter was "pretty [shaken] up" and has had nightmares.

**¶10**      Under A.R.S. § 13-2904, "[a] person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person . . . [e]ngages in fighting, violent or seriously disruptive behavior." The State presented sufficient evidence to support the jury's verdict on the disorderly conduct charge. Defendant knowingly disturbed the peace or quiet of L.A.'s family by smashing her car's windshield with a "huge rock."

**¶11**      As previously stated, the court did not perform the Rule 17.6 colloquy after Appellant admitted the third and fourth prior felonies, as required by the Arizona Rules of Criminal Procedure. The court's failure to perform the colloquy was fundamental error, but resentencing is only required if prejudice occurred. *See State v. Gonzales*, 233 Ariz. 455, 458, ¶ 9 (App. 2013). Fundamental error review "applies when a defendant fails to object to alleged trial error," and the defendant has the burden to prove both error and prejudice. *State v. Henderson,* 210 Ariz. 561, 567, ¶¶ 19-20 (2005). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* (citation omitted). "[P]rejudice generally must be established by showing that the defendant would not have admitted the fact of the prior conviction had the colloquy been given." *State v. Morales*, 215 Ariz. 59, 62, ¶ 11 (2007). If the record contains sufficient evidence of prior convictions, remand for a determination of prejudice is not necessary. *See id.* at 62, ¶ 13.

**¶12**      Defendant does not argue, and indeed cannot prove, that the court's failure to perform a proper Rule 17.6 colloquy caused him prejudice.

The presentence report notes four prior felony convictions, which were detailed on the record by both the State and the court. Defendant never sought to correct or rebut the presentence report, *see* Rule 26.7.b, nor did he object to the report's summary of his criminal history, *see* Rule 26.8.a, or the recitation of the prior felonies on the record. Defendant's failure to object to the contents of the presentence report results in waiver of any objections to the accuracy and completeness of the report. *See State v. Walden*, 126 Ariz. 333, 336 (App. 1980) (completeness); *State v. Nichols*, 24 Ariz. App. 329, 330 (1975) (accuracy).

¶13 At sentencing, the court did not expressly find any aggravating or mitigating factors, and imposed the presumptive sentence of 11.25 years' imprisonment for Count 1. Because Defendant had four historical prior felony convictions, the sentence was proper under A.R.S. § 13-703.C and J. The court also sentenced Defendant to six months' incarceration for Count 4, which was proper under A.R.S. § 13-707.A. The court granted Defendant 406 days' presentence incarceration credit for Count 1 and six months' credit for Count 4. Because the record is incomplete regarding the basis for the court's determination of Defendant's presentence incarceration credit, we presume the court correctly credited Defendant. *See State v. Scott*, 187 Ariz. 474, 476 (App. 1984) ("Even if a trial record is incomplete, we must assume that it supports the judgment unless there is 'at least a credible and unmet allegation of reversible error.'") (citation omitted). The term of community supervision, imposed consecutively, was appropriate under A.R.S. § 13-603.I.

**CONCLUSION**

¶14 We have read and considered counsel's brief. We have carefully searched the entire appellate record for reversible error and have found none. *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999). We find substantial evidence supported the jury's guilty verdicts. Defendant was represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak, and the court imposed a legal sentence. For the foregoing reasons, Defendant's conviction and sentence are affirmed.

¶15 Counsel's obligations pertaining to Defendant's representation in this appeal have ended. *See State v. Shattuck*, 140 Ariz. 582, 584 (1984). Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See id*. at 585. Defendant shall have thirty days from

the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

**¶16** For the foregoing reasons, we affirm Defendant's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: AA