NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LEONARD KEITH HOPSON, *Petitioner*.

No. 1 CA-CR 16-0449 PRPC
FILED 9-19-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-007610-001
The Honorable Cynthia J. Bailey, Judge

**REVIEW DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Leonard Keith Hopson, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge James P. Beene delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1        Leonard Keith Hopson ("Hopson") petitions for review of the dismissal of his successive petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1.  We have considered the petition for review and, for the reasons stated, deny review.

¶2        Hopson was charged with two counts of aggravated assault, four counts of child molestation, and eight counts of sexual conduct with a minor.  He pled guilty to three counts of attempted child molestation.  In accordance with the stipulated terms in the plea agreement, the superior court sentenced Hopson to a prison term of ten years, followed by two concurrent terms of lifetime probation.  Although advised of his right to review, Hopson did not timely file a PCR of-right, and his case became final on January 2, 2013.  *State v. Febles*, 210 Ariz. 589, 592, ¶ 9 (App. 2005); Rule 32.4(a).

¶3        In May 2013, Hopson filed an untimely notice of PCR.  The superior court summarily dismissed, finding that Hopson's notice

> [D]oes not state any claims for relief nor does it contain any facts, memoranda, or law. . . . [W]hen the notice is filed in an untimely fashion, the defendant has the burden of alleging specific claims and supporting those claims with sufficient facts, arguments, and law. See Ariz. R. Crim. P. 32.2(b) and Ariz. R. Crim. P. 32.4(a).

Hopson did not seek review of this order.

¶4        Over the next three years, Hopson filed four additional PCR proceedings.  Not all pleadings were captioned "Notice of Post-Conviction Relief," but in each instance Hopson was attacking the validity of his conviction or sentence, and the superior court properly treated the pleadings as PCRs.  *See* Rule 32.3 (directing court to treat such pleadings as "a petition for relief under this rule and the procedures of this rule shall

govern."). In each proceeding, the superior court dismissed the proceeding in an order that identified and ruled upon the issues raised in a thorough, well-reasoned manner.

**¶5** In July 2016, Hopson filed a petition for review in which he requested review of the following superior court orders: (1) March 7, 2016 (denying motion to compel); (2) April 22, 2016 (dismissing 5th PCR); (3) May 5, 2016 (denying motion to correct/clarify); (4) May 20, 2016 (denying motion for change of judge); (5) May 24, 2016 (denying motion to transfer file); (6) June 2, 2016 (denying motion for rehearing of 5th PCR and motion to clarify); and (7) June 20, 2016 (denying motion for rehearing motion for change of judge). The petition did not comply with Rule 32.9(c), and on July 19, 2016, we advised Hopson by letter of the deficiencies, and allowed Hopson thirty days to file a proper petition for review.

**¶6** In August 2016, Hopson filed this current petition for review. In the petition, Hopson lists thirty "grounds" or questions for review, and then improperly incorporates by reference the pleadings and exhibits he filed in superior court "to explain in detail all grounds and questions to this court." It is not enough to incorporate by reference any issue or argument. A petitioner must set forth each claim with record references and argument. *See* Rule 32.9(c)(1); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991). Simply incorporating an earlier pleading by reference is inappropriate. *State v. Moore*, 125 Ariz. 528, 529 (App. 1980). Thus, Hopson has failed to present any issue for review.

**¶7** We deny review.



AMY M. WOOD • Clerk of the Court
FILED: AA

3