NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

TANNER ANTHONY JACOB LANG, *Petitioner.*

No. 1 CA-CR 25-0270 PRPC

FILED 01-20-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2017-002495-001
The Honorable Danielle J. Viola, Judge

**REVIEW DENIED**

COUNSEL

DuMond Law Firm PLLC, Phoenix
By Samantha DuMond
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Faith C. Klepper
*Counsel for Respondent*

---

**MEMORANDUM DECISION**

---

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1        Petitioner Tanner Lang ("Lang") seeks review of the superior court's order summarily denying his petition for post-conviction relief. For the following reasons, we deny review.

## FACTS AND PROCEDURAL HISTORY

¶2        In July 2017, Lang was indicted by a Maricopa County grand jury for three counts of molestation of a child and four counts of aggravated assault with sexual motivation. He signed a plea agreement in April 2018 and pled guilty to two counts of attempted molestation of a child and three counts of child abuse with sexual motivation. The court held a sentencing hearing in September 2018, where the court credited Lang 132 days for time served and sentenced him to a presumptive term of 10 years in prison and supervised probation for life.

¶3        Three months later, Lang filed a notice of post-conviction relief. After extensive delay, he filed his petition for post-conviction relief in June 2024. In his petition, Lang sought relief under Arizona Rules of Criminal Procedure ("Rule") 33.1(a) for ineffective assistance of counsel and Rule 33.1(h) under a claim of actual innocence. In January 2025, the court summarily dismissed Lang's petition for post-conviction relief, finding Lang did not set forth any colorable claims. After additional delay, Lang filed a petition for review in June 2025.

## DISCUSSION

¶4        Lang argues the court abused its discretion in finding there was no colorable claim of ineffective assistance of counsel, summarily dismissing his claim of actual innocence despite the evidence, and applying the wrong legal standard in deciding whether an evidentiary hearing was warranted. The State argues that because Lang did not provide adequate citations to the record, he has failed to comply with Rule 33.16. Lang counters that his petition for review "cited and incorporated the PCR

itself . . . [and] nothing in Rule 33.16 requires a petitioner to re-cite each exhibit already part of the record for the appellate court." We disagree.

¶5 We have long held that a petition for review may not "incorporate[] the . . . petition for post-conviction relief by reference . . . ." *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (citing *State v. Moore*, 125 Ariz. 528, 529 (App. 1980)). Further, Rule 33.16 explicitly states that a petition for review "must not incorporate any document by reference, except [an] appendix[,]" Ariz. R. Crim. P. 33.16(d), and the petition must include "specific references to the record for each material fact[.]" Ariz. R. Crim. P. 33.16(c)(2). Lang's petition for review does not meet these standards.

¶6 To support his arguments, Lang references several material facts regarding the victims' statements, independent eyewitnesses, and the court's findings. But he does not provide any citations to the record for these facts. Rather, he provides only five record citations in his factual background, and each citation is to his petition for post-conviction relief. We will not incorporate his petition for post-conviction relief by reference, Ariz. R. Crim. P. 33.16(d), and we will not search the record to supply all the record citations. Rule 33.16(c) explicitly requires the petitioner to provide references to the record, and asking the court to do so blurs the line between counsel and judge, forcing us to assume the role of advocate, which we must not do. *Cf. State v. Scott*, 187 Ariz. 474, 477 (App. 1996) ("When counsel has filed an advocate's brief on behalf of a defendant, it is neither the role nor the duty of this court to search the record [to verify facts]; that is the responsibility of defendant's attorney.").

¶7 Thus, because Lang failed to comply with Rule 33.16, we deny review. Ariz. R. Crim. P. 33.16(k) (appellate review is discretionary).

**CONCLUSION**

¶8 We deny review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:                JR